Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7912 | DATE | February 22, 2001 |
| CASE TITLE | Gordon v. Trace Ambulance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Defendant's motion to dismiss [Doc. 3-1] is denied to the extent that the entire action will not be stricken; however, defendant's motion is granted to the extent that the class action component of this suit is hereby stricken. Ruling date of February 27, 2001 is stricken.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 2 3 2001 | |
| X | Notified counsel by telephone. | | date docketed | 12 |
| X | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| dc(lc) | courtroom deputy's initials | 01 FEB 22 PM 6:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 23 2001

GAYLE M. GORDON, individually and on )
behalf of a class of similarly situated )
employees, )
)
          Plaintiffs, )
) No. 00 C 7912
    v. )
) HONORABLE DAVID H. COAR
TRACE AMBULANCE, INC. and )
BLACKHAWK MEDICAL )
TRANSPORTATION, INC., Illinois )
corporations, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Gayle M. Gordon ("Gordon") brings this action on behalf of herself and a class of similarly situated employees (collectively, "Plaintiffs") of Trace Ambulance, Inc. and Blackhawk Medical Transportation, Inc. ("Defendants"). Gordon alleges that the defendants failed to provide her and the class of employees on whose behalf she brings suit overtime compensation for the hours worked in excess of the 40 hours per workweek during the period March 26, 2000 through July 22, 2000, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Before this court is Defendant's motion to dismiss. For the reasons discussed below, the motion is granted in part and denied in part.

In a Fed. R. Civ. P. 23(b)(3) class action, once a class is certified, class members are deemed parties to the action unless they elect to opt out upon receiving notice of the action. Fed.



R. Civ. P. 23(b). The instant claim for overtime compensation, however, is governed by §16(b) of the FLSA, 29 U.S.C. § 216(b), which sets forth a different standard for maintaining class action suits. Section 16(b), which provides a remedy against employers who fail to pay minimum wage of overtime compensation, reads in relevant part:

> Action to recover such liability may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Accordingly, no individual in a FLSA suit can become a party plaintiff or be bound by a judgment unless she opts into the class by filing a written consent. Lombardi v. Altemose Constr. Co., Inc., 69 F.R.D. 410, 411 (E.D. Pa. 1975).

Thus, whereas Rule 23 authorizes a class action upon the certification of a class until presumptive class members opt out, § 16(b) bars the maintenance of a class action unless and until individuals affirmatively opt in. Allen v. Marshal Field & Co., 93 F.R.D. 438, 441 (N.D. Ill. 1982). In examining the requirements articulated in Rule 23 and §16(b), the courts have concluded that "[t]here is a fundamental, irreconcilable difference between the class action described in Rule 23 and that provided for by FLSA §16(b). . . . It is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." Groshek v. Babcock and Wilcox Tubular Products Division, 425 F. Supp. 232, 233 (E.D. Wis. 1977) (quoting LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)).

Thirteen months have passed since Gordon filed her purported class action suit. No consents have been filed with this court, other than Gordon's. Section 16(b), however, requires

that individuals not named in the complaint file written consent forms to become party plaintiffs. 29 U.S.C. § 216(b). Without these written consents, Gordon is prohibited from maintaining and prosecuting this action on behalf of a class of similarly situated employees.[1] See Groshek, 425 F. Supp. at 233 (observing that plaintiff in FLSA claim could not bring class action without written consents from coemployees); Lombardi, 69 F.R.D. 411 (denying plaintiff's motion to maintain class action because no consents filed with court). Although Gordon cannot maintain this suit as a representative of a class, she may continue to prosecute this suit as an individual action. 425 F. Supp. at 233; Wallace v. Water Tank Serv. Co., 256 F. Supp. 689, 690 (W.D. Okl. 1966). Defendant's motion to dismiss is denied to the extent that the entire action will not be stricken; however, defendant's motion is granted to the extent that the class action component of this suit is hereby stricken.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated:** February 22, 2001

---

[1] To maintain a class action suit, plaintiff may be able to amend her complaint by filing the required written consent forms before the statute of limitations runs. The applicable statute of limitations period is two years after the cause of action accrues. See 29 U.S.C. §§ 255(a) (setting forth two year limitations period), 256 (delineating time that action is deemed to have commenced).